UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTO AGOSTO AGOSTO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNAI CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07867-DAD-SCR<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2) |

On September 25, 2026, petitioner filed a *pro se* petition for writ of habeas corpus challenging his current detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release from custody. (Doc. No. 2.) The court issued an order setting a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 4.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought in the motion, then it would rule directly on the merits of the underlying petition based upon the briefing presently before it. (*Id.*) The court further directed respondent to indicate whether it opposed the court taking such action. (*Id.*) On

September 29, 2026, respondent filed a response in opposition to the TRO motion and asserts that the court should dismiss or deny petitioner's habeas petition. (Doc. No. 6.) Respondent stated no opposition to the court ruling on the pending petition based upon the briefing currently before it and the court will do so.

Petitioner is a citizen of Guatemala. (Doc. No. 1 at 3.) Petitioner states that he entered the United States in May 2007. (*Id.* at 3.) In August 2026, during a traffic stop involving another immigrant, respondent was taken into immigration custody where he remains to this day. (Doc. No. 1 at 1.) Petitioner asserts, in part, that his due process rights were violated because he has not been given an individualized custody determination. (*Id.* at 2.)

Respondent does not contend that this case is distinguishable from other cases where this court has ordered a petitioner's immediate release from immigration custody. (Doc. No. 6 at 2.) For the following reasons, the court will grant petitioner's habeas petition and order his immediate release.

Respondent concedes that petitioner is subject to immigration detention under 8 U.S.C. § 1226(a) and does not dispute petitioner's allegation that he has not received an individual custody determination. Accordingly, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). Thus, the court finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a) requires his immediate release. In *Zurita Navarro,* 2026 WL 2294963, at *1, the undersigned set forth the procedures that due process requires be followed when a petitioner is detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer at which time a petitioner is provided the opportunity to demonstrate that his release would not pose a danger or flight risk. That failure to provide petitioner the required due process procedures alone compels the conclusion that petitioner is entitled to his immediate release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

/////

/////

For the reasons stated above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Santo Agosto Agosto, A-File No. 248-004-581, from respondent's custody;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;
3. The Clerk of the Court is directed to serve the warden of the California City Immigration Processing Facility with a copy of this order; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE